**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 11-25861-TAB |
| | ) |
| LAKESHORE MOTORCARS, INC., | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Timothy A. Barnes |
| | ) Hearing Date: November 30, 2016 |
| | ) Hearing Time: 10:30 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
GUS A. PALOIAN, CHAPTER 7 TRUSTEE FOR COMPENSATION**

Name of Applicant:   Gus A. Paloian, Chapter 7 Trustee

Authorized to Provide
Professional Services to:   The Estate

Date of Acceptance of Appointment:
   August 10, 2011

Period for which Compensation
and Reimbursement is Sought:   August 10, 2011 Through the Close of the Case

Amount of Final Fees Sought:   $19,818.22

Amount of Final Expense   $     0.00
Reimbursement Sought:

This is an:   X   Final        Interim Application.

| Prior Applications | Date Filed | Amount Requested | Amount Awarded |
|---|---|---|---|

None.

27618120v.1

Dated:  October 31, 2016

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    Bret M. Harper (6299968)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000
    gpaloian@seyfarth.com
    bharper@seyfarth.com

    *Counsel to Chapter 7 Trustee*
      *Gus A. Paloian*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-25861-TAB |
| | ) | |
| LAKESHORE MOTORCARS, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date: November 30, 2016 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT
OF COMPENSATION TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN FOR THE
PERIOD OF AUGUST 10, 2011 THROUGH THE CLOSE OF THE CASE**

Pursuant to 11 U.S.C. §§ 326, 330, 331, 503(a) and (b), 506(c), and 507(a)(2), and Federal Rule of Bankruptcy Procedure 2016, Gus A. Paloian, not individually, but solely as the Chapter 7 Trustee ("Trustee") of the above-referenced bankruptcy estate ("Estate") hereby files his First and Final Application for Compensation (the "Application") for services rendered during the period August 10, 2011 through the Close of the Case (the "Application Period"). In support of this Application, Trustee respectfully states as follows:

**INTRODUCTION**

1. On June 21, 2011 petitioning creditor Gus A. Paloian, Chapter 7 Trustee of Canopy Financial, Inc., caused an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code to be filed with the Court.

2. On August 9, 2011, an order for relief was entered with the Court.

3. On August 10, 2011, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

4. Trustee makes this Application pursuant to: (i) Sections 326, 330, 331, 503(a) and (b), 506(c), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through

3

27618120v.1

1330, as amended (the "Bankruptcy Code");  (ii) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy Procedure;  (iii) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the Office of the United States Trustee;  (iv) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois;  and (v) other applicable case law discussed herein.

5.      Congress revised the standards for compensation of chapter 7 trustees through enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  *See In re Phillips* 392 B.R. 378 (Bankr. N.D. Ill. 2008) (Squires, J.).  The BAPCPA amendments affecting chapter 7 trustee compensation took effect on October 17, 2005, and thus apply in this instance.  Based upon the BAPCPA amendments, and the facts and circumstances of this case, the Trustee seeks compensation in an amount equal to the commission set forth pursuant to Bankruptcy Code section 326(a).

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

7.      This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois.

8.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Consideration of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

9.      Fees sought in this Application are for services rendered by the Trustee in his capacity as Chapter 7 Trustee.

27618120v.1

## ANALYSIS

A.    **BAPCPA Amendments to Chapter 7 Trustee Compensation.**

10.    Bankruptcy Code sections 326(a) and 330(a) of the Bankruptcy Code guide bankruptcy courts in determining the amount of compensation to be awarded to Chapter 7 trustees. *See Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 115 (3d Cir. 1999); *In re Jenkens*, 130 F.3d 1335, 1337 (9th Cir. 1997). BAPCPA revised chapter 7 trustee compensation standards through amendments to Bankruptcy Code section 330. However, BAPCPA left the provisions of Bankruptcy Code section 326(a) unchanged.

11.    Section 326(a) limits the maximum amount of compensation that may be awarded to a Chapter 7 trustee. *In re Churchfield Mgmt. & Inv. Corp.*, 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estates by the trustee's services." *Id.* In this respect, § 326(a) provides:

> In a case under chapter 7 . . . the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). The general standard for approving requests for compensation is stated in §330(a)(1), as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, [or to] a professional person employed under section 327 or 1103–
>
>     (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person.

11 U.S.C. § 330(a)(1).

5

12. BAPCPA left Bankruptcy Code section 330(a)(1) unchanged. Thus, reasonableness remains a touchstone of the analysis. However, BAPCPA amended Bankruptcy Code section 330(a)(3) to delete reference to chapter 7 trustees. Bankruptcy Code section 330(a)(3) sets forth certain factors a court is to consider in undertaking any reasonableness analysis and now provides the following:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title 11 U.S.C. § 330(a)(3).

11 U.S.C. § 330(a)(3).

13. In addition, BAPCPA added Bankruptcy Code section 330(a)(7), which provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326."[1]

---

[1] Section 330(a)(7) does not define "commission."

27618120v.1

**B. The BAPCPA Amendments Mandate That Chapter 7 Trustee Compensation Be Treated As a Commission.**

14. Although bankruptcy courts disagree on exact standards for chapter 7 compensation under BAPCPA, most agree that Bankruptcy Code section 330(a)(7) now mandates a commission based calculation. *See In re McKinney*, 383 B.R. 490, 494 (Bankr. N.D. Cal. 2008); *see also In re Coyote Ranch Contractors, LLC,* 400 B.R. 84, 94 (Bankr. N.D. Tex. 2009); *Phillips* 392 B.R. at 386; *In re Ward,* 418 B.R. 667, 674 (W.D. Penn. 2009) ("To be sure, § 330(a)(7) directs that, in determining the amount of reasonable compensation to be awarded a chapter 7 trustee, 'the court *shall* treat such compensation as a commission, based on section 326'") (emphasis in the original). In addition, in determining the impact of BAPCPA on chapter 7 trustee compensation, Judge Wedoff concluded that chapter 7 trustee compensation now mandates a commission calculation in stating the following:

> Section 330(a)(3) is amended to exclude chapter 7 trustee from the professionals whose compensation is to be based, among other things, on the time spent in providing their services. Rather, new § 330(a)(7) is added, providing that the reasonable compensation of "a trustee" shall be treated "as a commission, based on § 326." Although new paragraph (a)(7) is not limited by its terms to chapter 7 trustee, chapter 11 trustees are expressly included in the list of professionals subject to § 330(a)(3), and so it is doubtful the new paragraph applies to chapter 11 trustees.

Wedoff, Eugene R., *Major Consumer Bankruptcy Effects of BAPCPA*, 1 U. ILL. L. REV. 31, 58 (2007) (footnotes omitted). This analysis is also consistent with the legislative history of the BAPCPA amendments, which states that "[BAPCPA] also amends section 330(a) to add a provision that requires a court, in determining the amount of reasonable compensation to award to a trustee, to treat such compensation as a commission pursuant to section 326 of the Bankruptcy Code." H.R. Rep. No. 109-31(1) at 87 (2005).

C.   **Section 326(a) Commission Standards, Rather Than Lodestar Factors, Should Instruct Reasonableness Inquiries Under BAPCPA.**

15.   Based upon the BAPCPA amendments to Bankruptcy Code section 330, courts should favor awarding the chapter 7 trustees the commissions set forth in Bankruptcy Code section 326(a) absent compelling facts and circumstances to the contrary. *See Coyote Ranch,* 400 B.R. at 94 (holding that for chapter 7 trustees, the reasonableness inquiry "may start and end with the cap" under section 326(a) and that mechanical application of the section 330(a)(3) factors to chapter 7 trustee compensation is disfavored); *see also McKinney*, 383 B.R. at 494 (finding a presumption in favor of section 326(a) commissions unless such award is substantially disproportionate to the value of the services performed); *In re Owens*, 2008 Bankr. LEXIS 2427 (Bankr. D. Oregon 2008) (construing section 326(a) commission as presumptively reasonable unless commission is substantially disproportionate or excessive in comparison to value of services provided). Similarly, Collier on Bankruptcy has concluded that the "primary effect of the change should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory commission amount." 3 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY, § 330.03[1][a], at 330-14 915th ed. rev. (2008).

16.   Even if BAPCPA does not create a presumption in favor of section 326(a) commissions, the determination of "reasonableness" has changed. This is evidenced by the fact that even the courts that have refused to adopt a presumption in favor of section 326(a) commissions acknowledge that application of the factors in Bankruptcy Code section 330(a)(3) should be the exception, if not completely prohibited. *See Ward*, 418 B.R. at 678 (adopting reasoning in *Coyote Ranch* as to application of section 330(a)(3) factors); *see also Phillips,* 392 B.R. at 391. Finally, the few courts which have refused to cease mechanical application of Lodestar factors to chapter 7 trustee compensation still incorporate analysis of section 326(a)

commissions. S*ee e.g., In re Clemens,* 349 B.R. 725, 730 (Bankr. D. Utah 2006). Furthermore, at least one court has openly acknowledged that application of the Lodestar factors render certain BAPCPA amendments "little effect" despite cannons of statutory interpretation to the contrary. *Id*. ("To some extent this might conflict with the general rule of statutory interpretation that a Court should avoid surplusage").[2]

17. For example, in determining the amount of the commission to be paid to a chapter 7 trustee, Judge Squires in the *Phillips* decision found that the BAPCPA amendments still required "reasonable compensation for actual, necessary services rendered." *Phillips,* 392 B.R. at 391. However, Judge Squires ruled that the amendments to Bankruptcy Code section 330(a)(3) required the bankruptcy court to exclude from consideration the six factors referenced therein, including the amount of time expended by the professional and the rate normally charged. *Id*., at 385-86. Judge Squires then referenced the fact that Bankruptcy Code section 330(a)(3) incorporated six of the twelve factors utilized in the seminal opinion on professional compensation, *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *Id*. As such, Judge Squires concluded the other six *Johnson* factors remain relevant in determining what constitutes reasonable compensation. *Id*. These factors are: (1) the novelty and difficulty of the questions; (2) the skill requisite to perform the service properly; (3) the preclusion of other employment due to acceptance of the case; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) whether the fee is fixed or contingent. *Id*. (citation

---

[2] Courts should enforce a statute's language according to its terms where the disposition required by the text is not absurd. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). When "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation omitted). In addition, statutory provisions must be read in context according to the statutory framework. *Davis v. Mich. Dept. of Treasury,* 489 U.S. 803, 809 (1989).

omitted). Judge Squires then determined that the maximum commission under Bankruptcy Code section 326(a) would be paid for excellent work, and that he would reduce the highest applicable commission tier one-half percent (1/2 %) for very good work, and one percent (1 %) for good work. *Id.*, at 391-92.

18. Therefore, even if the court does not find a presumption in favor of section 326(a) commissions, the Trustee submits that the excellent results obtained in this case warrant payment of the full section 326(a) commission based upon the new standards for evaluating "reasonableness" under BAPCPA.

**D.  The Trustee Obtained an Excellent Result for Creditors Based Upon the Facts and Circumstances of the Case.**

19. During the Application Period, the Trustee managed and directed the administration of the day to day operations of the Estate and selected professionals best suited to assist him in the efficient and cost-effective discharge of his duties.

20. The Trustee also coordinated the investigation and prosecution of potential claims of the Estate and resolved objectionable claims of the Estate.

21. The Trustee collected $331,364.32 and the projected distribution to creditors is 10.54%.

22. The Trustee believes that the compensation requested is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

23. This is the first and final application for Chapter 7 compensation.

**E.     Calculation of the Trustee's Compensation.**

24.     The Trustee has collected $331,364.32 for the benefit of the Estate. The Trustee does not anticipate that there will be any funds returned to the Debtor in the case.

25.     The maximum compensation allowable to the Trustee, based upon collections to date, and based upon Section 326(a) of the Code, is $115,123.21 calculated as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | = $ 1,250.00 |
| 10% of the next $45,000.00 | = $ 4,500.00 |
| 5% of the next $281,364.32 | = $ 14,068.22 |
| 3% of $0.00 | = $ 19,818.22 |
| **MAXIMUM COMPENSATION ALLOWABLE** | **= $19,818.22** |
| PREVIOUS COMPENSATION ALLOWED AND PAID | = $    0.00 |
| **UNPAID COMPENSATION AVAILABLE** | **= $19,818.22** |

**H.     Services Rendered By the Trustee During the Application Period.**

26.     During the Application Period, the Trustee performed 67.50 hours of actual and necessary services on behalf of the Estate, with a total hourly value of $20,766.50. An itemized and detailed statement describing the Trustee's services is attached hereto as **Exhibit 1**. Those services include, but are not limited, to the following:

- Overseeing case administration; instructing counsel to prepare necessary pleadings and motions in the case;

- Investigating claims of the Estate, including claims against Bill Loumbardias, Emmanuel "Manny" Rigatos and Island Enterprises M & P, Inc., d/b/a We Wash III, and commencing Adversary Proceeding No. 11-A-02263 (the "Adversary Proceeding");

- Developing strategy in connection with the settlement of the Adversary Proceeding;

- Monitoring and processing settlement payments;

- Attending to the Estate's tax obligations, including filing of Estate tax returns;

- Analyzing and resolving the claims of the Estate;

- Managing the Estate's cash on hand, including investing the Estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements;

- Preparing quarterly case status reports; and

- Preparing annual reports to the United States Trustee's Office.

## Conclusion

WHEREFORE, Gus A. Paloian, as Chapter 7 Trustee of the Estate of Lakeshore Motorcars, Inc., respectfully requests that the Court enter an Order:

A. Allowing and awarding final compensation to the Trustee in the amount of $19,818.22;

B. Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

C. Granting such other and further relief as the Court deems just and proper.

Dated: October 31, 2016

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Bret M. Harper
Gus A. Paloian (06188186)
Bret M. Harper (6299968)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
gpaloian@seyfarth.com
bharper@seyfarth.com

*Counsel to Chapter 7 Trustee
Gus A. Paloian*

12

27618120v.1